IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CALVIN GOODRICH | : | NO. 03-487-11 |

## ORDER-MEMORANDUM

**AND NOW**, this 20th day of February, 2009, upon consideration of Defendant Calvin Goodrich's "Motion Requesting the Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(C)(2) and sect. 3553(A)" (Docket No. 530) and all documents filed in connection therewith, and after hearing arguments on the Motion on January 28, 2009, **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.

On February 14, 2004, a jury convicted Goodrich of one count of conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846; one count of possession of in excess of 5 grams of cocaine base with the intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and one count of possession of in excess of 5 grams of cocaine base with the intent to distribute within 1000 feet of a school and aiding and abetting, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2.  We sentenced Goodrich on March 17, 2005.

Under the then-applicable November 1, 2004 United States Sentencing Guidelines, the quantity of cocaine base involved in the offense, i.e., more than 1.5 kg, resulted in a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1).  Goodrich's base offense level was adjusted upward by two levels for distribution in a school zone and by an additional two levels for possession of a firearm. U.S.S.G. §§ 2D1.2(a)(1), 2D1.1(b)(1).  Accordingly, Goodrich's total offense level was 42.  With

a criminal history category of III, Goodrich's guideline range was 360 months to life.  U.S.S.G. Ch. 5, Pt. A.  He was also facing a statutory mandatory minimum of 120 months imprisonment on the conspiracy count.  21 U.S.C. §§ 841(b)(1)(A)(iii), 846.  Upon consideration of the § 3553(a) factors, we varied downward from the guideline range, remaining cognizant of the mandatory minimum, and imposed a sentence of 138 months imprisonment.  (3/17/05 Tr. at 59-62.)  We stated on the record that the primary reason for the variance was that Goodrich was a youthful offender.  (Id. at 62.)  We also noted on the record that Goodrich's criminal history points resulted from juvenile adjudications for possessing marijuana.  (Id. at 60.)

Goodrich now asks that we reduce his sentence to the mandatory minimum of 120 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.  Generally, a "court may not modify a term of imprisonment once it has been imposed . . . ."  18 U.S.C. § 3582(c).  However, § 3582(c)(2) provides a limited exception to this general rule, stating that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Amendment 706 to the Sentencing Guidelines reduced the base offense level for most cocaine base offenses, and the Sentencing Commission has determined that this Amendment may be applied retroactively.  See U.S.S.G., Supplement to Appx. C, Am. 713 (Nov. 1, 2008 ed.).

In this case, application of Amendment 706 reduces Goodrich's base offense level to a 36.

Goodrich's prior base offense level of 38, in conjunction with his Criminal History Category of III, corresponded to a guideline range of 292 to 365 months.  His reduced base offense level of 36, in conjunction with his same Criminal History Category, corresponds to a guideline range of 235 to 293 months.  However, with the offense level enhancements for distribution in a school zone and possession of a firearm, Goodrich's total offense level upon application of Amendment 706 is 40, which, just like his prior total offense level of 42, produces a guideline range of 360 months to life.

Goodrich argues that 18 U.S.C. § 3582(c)(2) empowers us to grant him a sentence reduction, because his sentence is "based on a sentencing range that was lowered by the crack cocaine Guidelines," insofar as the guideline range associated with his <u>base offense level</u> was lowered.  The Government counters that his sentence was not "based on a sentencing range that was lowered by the crack cocaine Guidelines," because the guideline range associated with the reduced <u>total offense level</u> is not lower.  We reject Goodrich's argument and conclude that we are not empowered to reduce his sentence.

As the parties agree, the only possible legal basis on which we could modify Defendant's term of imprisonment is § 3582(c)(2) in conjunction with Amendment 706.  Section 3582(c)(2), however, only authorizes us to reduce a defendant's sentence if (1) we sentenced the defendant "based on" a guideline range that has been lowered by an amendment to the guidelines, and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Application Note 1(A) to U.S.S.G. § 1B1.10 states that:

> . . . a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment [to the Guideline range] is applicable to the defendant but the amendment <u>does not have the effect of lowering the defendant's applicable guideline range</u> because

>of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, cmt. n.1(A) (emphasis added). Similarly, U.S.S.G. § 1B1.10(a)(2)(B), which became effective on March 3, 2008, provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -- . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."[1] (emphasis added.)

In this case, at the time of his sentencing, Goodrich's applicable guideline range, ascertained from his total offense level, was 360 months to life, and we based his sentence on consideration of that range in conjunction with the 120 months mandatory minimum and the § 3553(a) factors. While Amendment 706 would reduce his base offense level, the fact remains that his resulting applicable guideline range, calculated from his total offense level, remains 360 months to life. Accordingly, the sentencing range on which we based Goodrich's sentence has not been lowered and § 3582(c)(2) does not authorize us to reduce his sentence. See Hopson v. United States, Crim. No. 03-151, 2009 WL 185956, *3-5 (W.D. Pa. Jan. 26, 2009) (denying motion for reduction of sentence based on Amendment 706, finding that § 3582(c) authorized no reduction where applicable guideline range remained 360 months to life, in spite of reduction in base offense level); United States v. Sanchez, No. 08-14566, 2009 WL 294732 (11th Cir. Feb. 9, 2009) (finding defendant ineligible for a sentence

---

[1] Defendant argues that we are not constrained by § 1B1.10(a)(2)(B)'s interpretation of § 3582(c)(2) as only permitting a reduction of sentence when the "applicable guideline range" is lowered. However, § 3582(c)(2) unequivocally states that any reduction under the statute must be "consistent with applicable policy statements issued by the Sentencing Commission." Accordingly, we find that Congress gave the Sentencing Commission explicit authority to formulate policies for the reduction of sentence pursuant to § 3582(c), and the Sentencing Commission's policy statement in § 1B1.10(a)(2)(B) was a valid exercise of that authority.

4

reduction under § 3582(c)(2) when, in spite of reduced base offense level upon application of Amendment 706, defendant's revised total offense level continued to yield a sentencing range of 360 months to life); see also United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008) (refusing to reduce defendants' sentences when "Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.")

We therefore conclude that Goodrich's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,]" 18 U.S.C. § 3582(c)(2), and that he is not eligible for a reduction in sentence.  The Motion is, accordingly, denied.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.