IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CALVIN GOODRICH | : | NO. 03-487-11 |

### MEMORANDUM

**Padova, J.**                                                                                      **April 12, 2012**

Defendant Calvin Goodrich has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. §

3582(c)(2), seeking to reduce his sentence based on the most recent amendments to the United States

Sentencing Guidelines concerning crack cocaine, which are set forth in Amendment 750. For the

following reasons, we deny the Motion.

On February 14, 2004, a jury convicted Goodrich of one count of conspiracy to distribute

in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846; one count of

possession of in excess of 5 grams of cocaine base with the intent to distribute and aiding and

abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and one count of possession of in excess

of 5 grams of cocaine base with the intent to distribute within 1000 feet of a school and aiding and

abetting, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2. We sentenced Goodrich on March

17, 2005.

Under the then-applicable November 1, 2004 United States Sentencing Guidelines, the

quantity of cocaine base involved in the offense, i.e., more than 1.5 kg, resulted in a base offense

level of 38. U.S.S.G. § 2D1.1(c)(1). Goodrich's offense level was adjusted upward by two levels

for distribution in a school zone and by an additional two levels for possession of a firearm.

U.S.S.G. §§ 2D1.2(a)(1), 2D1.1(b)(1). Accordingly, Goodrich's total offense level was 42. With

a criminal history category of III, Goodrich's guideline range was 360 months to life. U.S.S.G. Ch.

5, Pt. A.  He was also facing a statutory mandatory minimum of 120 months' imprisonment on the conspiracy count.  21 U.S.C. §§ 841(b)(1)(A)(iii), 846.  Upon consideration of the 18 U.S.C. § 3553(a) factors, we varied downward from the guideline range, and imposed a sentence of 138 months of imprisonment on each of the three counts, to run concurrently.

In 2008, Goodrich filed his first motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  That first sentence reduction motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses.  We denied that motion for reduction of sentence in a February 2009 Order-Memorandum.  United States v. Goodrich, Crim. A. No. 03-487-11, 2009 WL 455250 (E.D. Pa. Feb. 24, 2009).  As we explained, even though application of Amendment 706 lowered Goodrich's total offense level to 40, his sentencing range remained 360 months to life.  Id. at *2.  Accordingly, we concluded that he had not been sentenced based on a sentencing range that had been lowered by Amendment 706 and was not entitled to a reduction of sentence at that time.  Id. at *3.  The United States Court of Appeals for the Third Circuit subsequently affirmed our order denying Goodrich's motion.

Goodrich has now filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  The instant motion seeks the benefit of Amendment 750 to the Guidelines, which further reduced the base offense levels applicable to crack cocaine offenses.  Application of Amendment 750, unlike the application of Amendment 706, lowers Goodrich's applicable sentencing range.  Specifically, the Amendment reduces Goodrich's base offense level to 34, which, after adjustments, results in a total offense level of 38.  That new total offense level, in combination with Goodrich's criminal history category of III, produces a guideline range of 292-365 months, a lower range than his prior range of 360 months to life.

2

As a general rule, a "court may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). However, § 3582(c)(2) provides a limited exception to this general rule, stating that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Guidelines provide for the retroactive application of Amendment 750, part A. See United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (explaining that only Amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively); U.S.S.G. § 1B1.10(c) (listing Amendment 750, part A). However, U.S.S.G. § 1B1.10 sets forth a policy statement that limits the availability of § 3582(c)(2) relief, stating that, except in cases in which the defendant has provided substantial assistance to authorities (a situation not applicable here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). In the comments to that guideline, the Sentencing Commission elaborates that "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation . . . still applies." U.S.S.G. § 1B1.10 cmt. n.3.

Applying U.S.S.G. § 1B1.10(b)(2)(A) and the above-referenced comment in the case at hand, Goodrich is not entitled to a reduction of sentence. As noted above, Amendment 750 lowers his Guideline range from 360 months-life to 292-365 months. However, Goodrich's sentence of just

138 months is far less than the minimum of the amended guideline range. Under these circumstances, § 3582(c)(2) does not authorize us to reduce Goodrich's sentence because the policy statement in U.S.S.G. § 1B1.10(b)(2)(A) prohibits us from reducing Goodrich's sentence to a term that is less than 292 months.

Goodrich acknowledges § 1B1.10(b)(2)(A) and the comments thereto, but he nevertheless argues that § 1B1.10(b)(2)(A) is not binding on us, asserting that the Commission's adoption of that guideline exceeded its statutory powers, violated the separation of powers doctrine, and was invalid because it was not properly noticed for comment. He therefore maintains that we should grant him a proportional reduction from his new guideline range to account for the substantial variance that we granted at his original sentencing. Goodrich asserts that a purely proportional variance would produce a sentence of 111 months but, at the same time, he acknowledges that we are constrained by the statutory mandatory minimum of 120 months on the conspiracy count. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. He therefore requests that we reduce his sentence to 120 months' imprisonment.

As an initial matter, Goodrich has cited no case law in which a court has sustained objections such as his to the Commission's promulgation of § 1B1.10(b)(2)(A). Moreover, at least one court in our District has found the arguments that Goodrich now advances to be "unpersuasive." United States v. Lott, Crim. A. No. 04-786, 2012 WL 170698, at *2 (E.D. Pa. Jan. 19, 2012). We find the arguments to be unpersuasive as well. At the same time, even assuming *arguendo* that we were not bound by the limitation in § 1B1.10(b)(2)(A), we would not exercise our discretion to reduce Goodrich's sentence below 138 months.

In this regard, we emphasize that we showed Goodrich considerable leniency when we

4

imposed his 138-month sentence, which was far below the low end of his applicable guideline range. As we explained at the time, we believed such leniency to be warranted due primarily to Goodrich's status as a youthful offender.  We continue to believe that his youthful status warranted leniency, but we do not believe that greater leniency is warranted based on the mere fact that Amendment 750 lowers Goodrich's sentencing range to 292-365 months.  Indeed, Goodrich's sentence remains <u>less than half</u> of the low end of his amended guideline range.  Under the circumstances, we conclude that the 138-month sentence remains fair and reasonable and consistent with the § 3553(a) sentencing factors.  Accordingly, even if we had authority to reduce Goodrich's sentence below 138 months, we would not exercise our discretion to do so.

For the foregoing reasons, we deny Goodrich's Motion to Reduce his Sentence.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.